**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICA SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. |
| THE MCGAW MEDICAL CENTER | ) | |
| OF NORTHWESTERN UNIVERSITY, | ) | *Plaintiff Demands Trial by Jury* |
| an Illinois not-for-profit corporation, | ) | |
| ADRIA MORA, M.D., KATE | ) | Attorney Affidavits Attached |
| MCKENNEY, M.D., and | ) | |
| NORTHWESTERN MEMORIAL | ) | Physician Reports Attached |
| HOSPITAL, an Illinois not-for-profit | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, ERICA SANTIAGO, by her attorneys, KAVENY + KROLL, LLC, complaining of Defendants, THE UNITED STATES OF AMERICA, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, an Illinois not-for profit corporation, ADRIA MORA, M.D., KATE MCKENNEY, M.D., and NORTHWESTERN MEMORIAL HOSPITAL, an Illinois not-for-profit corporation, states as follows:

**JURISDICTION AND VENUE**

1. This action against the UNITED STATES OF AMERICA ("USA") arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*., and the actions against the remaining Defendants arise under Illinois state law.

2. The Plaintiff, ERICA SANTIAGO, has complied with § 2675(a) of the Federal Tort Claims Act, and has exhausted her administrative remedies before filing this suit.

1

3. In May 2018, Plaintiff timely filed an administrative claim with the United States Department of Health and Human Services ("HHS") for the personal and pecuniary injuries she suffered as a result of a delay in diagnosing and treating her infectious condition.

4. On November 8, 2018, HHS denied the administrative claim. (*See* 11/8/18 Letter, attached as Exhibit A).

5. Plaintiff has elected to file suit against USA in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 2401(b).

6. Plaintiff's suit is timely filed within six months of HHS's notice of final denial, pursuant to 28 U.S.C. § 2401(b).

7. Jurisdiction of this Court for the action of USA is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

8. Jurisdiction of this Court against the state law defendants would be invoked under Federal Rule of Civil Procedure 20, in which permissive joinder of defendants is allowed in matters arising out of the same occurrence, or series of occurrences, or there is an assertion of relief jointly.

9. Venue is proper under 28 U.S.C. § 1391(b) because of all the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

10. On or about December 8-9, 2015, and at all times material, ERIE FAMILY HEALTH CENTER, INC. ("ERIE"), was an Illinois not-for-profit corporation and healthcare facility located in Chicago, Cook County, Illinois, receiving grant money from the UNITED

STATES PUBLIC HEALTH SERVICE, pursuant to 42 U.S.C. § 233, as well as being the employer of various physicians, nurses, and healthcare workers.

11. On or about December 8-9, 2015, and at all times material, ALISSA CARLSON, M.D. ("DR. CARLSON") was an agent, servant, and/or employee of ERIE and USA, and each of them.

## FACTS COMMON TO ALL COUNTS

12. Defendant, DR. CARLSON, is a physician, licensed to practice medicine in the State of Illinois, who specializes in the practice of Obstetrics & Gynecology.

13. Defendant, KATE MCKENNEY M.D. ("DR. MCKENNEY"), is a physician, licensed to practice medicine in the State of Illinois, who specializes in the practice of Obstetrics & Gynecology.

14. Defendant, ADRIA MORA, M.D. ("DR. MORA"), is a physician, licensed to practice medicine in the State of Illinois, who specializes in the practice of Obstetrics & Gynecology.

15. Defendant, ERIE, is an Illinois not-for-profit corporation.

16. On or about December 8-9, 2015, and at all times material, ERIE was operating as a medical services provider licensed by the State of Illinois in the City of Chicago, Illinois.

17. On or about December 8-9, 2015, and at all times material, ERIE held itself out to the public generally as a provider of medical services.

18. On December 8-9, 2015, and at all time relevant to this cause of action, DR. CARLSON was an agent, servant or employee of ERIE.

19. On or about December 8-9, 2015, and at all times material, the USA undertook to employ DR. CARLSON and ERIE, and each of them, for the purpose of providing medical services to individuals like ERICA SANTIAGO.

20. On or about December 8-9, 2015, and at all times material, DR. CARLSON was a member of the staff at ERIE but was physically working at NORTHWESTERN MEMORIAL HOSPITAL.

21. Defendant, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, is an Illinois not-for-profit corporation.

22. On December 8, 2015, and at all time relevant to this cause of action, DR. MCKENNEY was an agent, servant or employee of THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY.

23. On December 8, 2015, and at all time relevant to this cause of action, DR. MORA was an agent, servant or employee of THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY.

24. On December 8, 2015, and at all time relevant to this cause of action, DR. MCKENNEY was an agent, servant or employee of NORTHWESTERN MEMORIAL HOSPITAL.

25. On December 8, 2015, and at all time relevant to this cause of action, DR. CARLSON was an agent, servant or employee of NORTHWESTERN MEMORIAL HOSPITAL.

26. On December 8, 2015, and at all time relevant to this cause of action, DR. MORA was an agent, servant or employee of NORTHWESTERN MEMORIAL HOSPITAL.

27. On December 8, 2015, and at all time relevant to this cause of action, NORTHWESTERN MEMORIAL HOSPITAL was a licensed and accredited hospital in the State of Illinois.

28. On December 8, 2015, and at all time relevant to this cause of action, NORTHWESTERN MEMORIAL HOSPITAL, by and through their employees and agents, provided nursing care and treatment by and through their employee nurses to patients admitted to the facility.

29. On December 8, 2015, and at all time relevant to this cause of action, ERICA SANTIAGO received care and treatment from the nursing staff at NORTHWESTERN MEMORIAL HOSPITAL.

30. On December 2, 2015 ERICA SANTIAGO was pregnant.

31. On December 2, 2015, ERICA SANTIAGO was delivered by Cesarean Section at NORTHWESTERN MEMORIAL HOSPITAL.

32. On December 5, 2015, ERICA SANTIAGO was discharged from NORTHWESTERN MEMORIAL HOSPITAL.

33. On December 8, 2015 at approximately 13:00 hours, Erica Santiago arrived at the Emergency Department at NORTHWESTERN MEMORIAL HOSPITAL.

34. On December 8, 2015 at approximately 18:27 hours, ERICA SANTIAGO was transferred to the gynecology floor.

35. Prior to her presentation to the Emergency Department, ERICA SANTIAGO experienced constipation for a number of days.

36. Prior to her presentation to the Emergency Department, ERICA SANTIAGO had experienced abdominal pain for a number of days.

37. While in the Emergency Department, ERICA SANTIAGO had an elevated White Blood Cell count of 11.1.

38. Upon admission to the gynecology floor, ERICA SANTIAGO had a blood pressure of 102/59 and a pulse of 126 and a temperature of 97.3.

39. On December 8-9, 2015 and at all times relevant herein, ERICA SANTIAGO received care and treatment from DR. CARLSON while on the gynecology floor.

40. On December 8, 2015 and at all times relevant herein, ERICA SANTIAGO received care and treatment from DR. MCKENNEY while on the gynecology floor.

41. On December 9, 2015 and at all times relevant herein, ERICA SANTIAGO received care and treatment from DR. MORA while on the gynecology floor.

42. On December 8-9, 2015 and at all times relevant herein, ERICA SANTIAGO received care and treatment from the nursing staff at NORTHWESTERN MEMORIAL HOSPITAL while on the gynecology floor.

43. At 0250 hours on December 9, 2015, a Rapid Response team was called for ERICA SANTIAGO.

44. At 0330 hours on December 9, 2015, ERICA SANTIAGO underwent a surgery which revealed purulent peritonitis.

## COUNT I
**(Erie/USA – Alissa Carlson, M.D. – Medical Negligence)**

45. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

46. On or about December 8-9, 2015, DR. CARLSON, individually, and as an actual agent and/or employee of ERIE and/or USA, and each of them, breached her duty and was negligent in one or more of the following respects:

    a. Failed to include Septic Abdomen on the differential diagnosis list at 20:37 hours on December 8, 2015;

    b. Failed to adequately assess ERICA SANTIAGO for an infectious cause of her abdominal complaints and findings at 20:37 hours on December 8, 2015;

    c. Failed to order repeat labs at 20:37 hours on December 8, 2015 including, but not limited to, CBC, CMP, and lactate;

    d. Failed to order an abdominal CT STAT at 20:37 hours on December 8, 2015;

    e. Failed to include septic abdomen on the differential diagnosis list at 01:31 hours on December 9, 2015;

    f. Failed to adequately assess ERICA SANTIAGO for an infectious cause of her abdominal complaints and findings at 01:31 hours on December 9, 2015;

    g. Failed to order repeat labs at 01:31 hours on December 9, 2015 including, but not limited to, CBC, CMP, and lactate;

    h. Failed to order an abdominal CT STAT at 01:31 hours on December 9, 2015.

47. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, ERICA SANTIAGO, sustained injuries of a personal and pecuniary nature.

48. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

49. A report of physician is attached hereto as Exhibit C, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, UNITED STATES OF AMERICA, which will fairly and adequately compensate her loss, damages, and injuries.

<b><u>COUNT II</u></b><br><b><u>(Erie/USA – Agency – Medical Negligence –</u></b><br><b><u>Alissa Carlson, M.D.</u></b> <b>)</b>

50. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

51. On or about December 8-9, 2015, ERIE and/or USA, by and through the acts and/or omissions of DR. CARLSON were negligent in one or more of the following respects:

      a. Failed to include Septic Abdomen on the differential diagnosis list at 20:37 hours on December 8, 2015;

      b. Failed to adequately assess ERICA SANTIAGO for an infectious cause of her abdominal complaints and findings at 20:37 hours on December 8, 2015;

      c. Failed to order repeat labs at 20:37 hours on December 8, 2015 including, but not limited to, CBC, CMP, and lactate;

      d. Failed to order an abdominal CT STAT at 20:37 hours on December 8, 2015;

      e. Failed to include septic abdomen on the differential diagnosis list at 01:31 hours on December 9, 2015;

      f. Failed to adequately assess ERICA SANTIAGO for an infectious cause of her abdominal complaints and findings at 01:31 hours on December 9, 2015;

      g. Failed to order repeat labs at 01:31 hours on December 9, 2015 including, but not limited to, CBC, CMP, and lactate;

      h. Failed to order an abdominal CT STAT at 01:31 hours on December 9, 2015.

52. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, ERICA SANTIAGO, sustained injuries of a personal and pecuniary nature.

53. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

54. A report of physician is attached hereto as Exhibit C, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, UNITED STATES OF AMERICA, which will fairly and adequately compensate her loss, damages, and injuries.

### COUNT III
### (Kate McKenney, M.D. – Medical Negligence)

55. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

56. On December 8, 2015, DR. MCKENNEY was negligent in one or more of the following respects:

8

   a. Failed to include Septic Abdomen on the differential diagnosis list at 21:31 hours on December 8, 2015;

   b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31 hours on December 8, 2015;

   c. Failed to order repeat labs at 21:31 hours on December 8, 2015 including, but not limited to, CBC, CMP, and lactate;

   d. Failed to order an abdominal CT STAT at 21:31 hours on December 8, 2015.

57. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

58. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

59. A report of physician is attached hereto as Exhibit D, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, KATE MCKENNY, M.D., which will fairly and adequately compensate her loss, damages, and injuries.

## COUNT IV
### (The McGaw Medical Center of Northwestern University – Agency – Medical Negligence – Kate McKenney, M.D.)

60. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

61. On December 8, 2015, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, by and through the acts and/or omissions of DR. MCKENNEY was negligent in one or more of the following respects:

   a. Failed to include Septic Abdomen on the differential diagnosis list at 21:31 hours on December 8, 2015;

   b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31 hours on December 8, 2015;

9

  c. Failed to order repeat labs at 21:31 hours on December 8, 2015 including, but not limited to, CBC, CMP, and lactate;

  d. Failed to order an abdominal CT STAT at 21:31 hours on December 8, 2015.

62. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO, sustained injuries of a personal and pecuniary nature.

63. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

64. A report of physician is attached hereto as Exhibit D, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, which will fairly and adequately compensate her loss, damages, and injuries.

## COUNT V
### (Adria Mora, M.D. – Medical Negligence)

65. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

66. On December 9, 2015, DR. MORA was negligent in one or more of the following respects:

  a. Failed to include Septic Abdomen on the differential diagnosis list at 01:34 hours on December 9, 2015;

  b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34 hours on December 9, 2015;

  c. Failed to order repeat labs at 01:34 hours on December 9, 2015 including, but not limited to, CBC, CMP, and lactate;

  d. Failed to order an abdominal CT STAT at 01:34 hours on December 9, 2015.

67. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

68. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

69. A report of physician is attached hereto as Exhibit E, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, ADRIA MORA, M.D., which will fairly and adequately compensate her loss, damages, and injuries.

**COUNT VI**
**(The McGaw Medical Center of Northwestern University – Agency – Medical Negligence – Adria Mora – M.D.)**

70. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

71. On December 9, 2015, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, by and through the acts and/or omissions of DR. MORA was negligent in one or more of the following respects:

   a. Failed to include Septic Abdomen on the differential diagnosis list at 01:34 hours on December 9, 2015;
   b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34 hours on December 9, 2015;
   c. Failed to order repeat labs at 01:34 hours on December 9, 2015 including, but not limited to, CBC, CMP, and lactate;
   d. Failed to order an abdominal CT STAT at 01:34 hours on December 9, 2015.

72. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

73. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

11

74. A report of physician is attached hereto as Exhibit E, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, THE MCGAW MEDICAL CENTER OF NORTHWESTERN UNIVERSITY, which will fairly and adequately compensate her loss, damages, and injuries.

## COUNT VII
### (Northwestern Memorial Hospital - Agency - Medical Negligence – Nursing Staff)

75. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

76. On December 8-9, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions its agent, employee and/or servant nurses was negligent in one or more of the following respects:

   a. Failed to timely notify physicians of Ms. Santiago's worsening condition when it occurred at 21:42 hours on December 8, 2015;
   b. Failed to adequately monitor Ms. Santiago's vitals from 21:42 hours on December 8, 2015 through the calling of the RRT at 02:50 hours on December 9, 2015.

77. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

78. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

79. A report of physician is attached hereto as Exhibit F, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, NORTHWESTERN MEMORIAL HOSPITAL, which will fairly and adequately compensate her loss, damages, and injuries.

## COUNT VIII
### (Northwestern Memorial Hospital – Agency – Medical Negligence – Adria Mora – M.D.)

80. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

81. On December 9, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions of DR. MORA was negligent in one or more of the following respects:

   a. Failed to include Septic Abdomen on the differential diagnosis list at 01:34 hours on December 9, 2015;
   b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:34 hours on December 9, 2015;
   c. Failed to order repeat labs at 01:34 hours on December 9, 2015 including, but not limited to, CBC, CMP, and lactate;
   d. Failed to order an abdominal CT STAT at 01:34 hours on December 9, 2015.

82. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

83. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

84. A report of physician is attached hereto as Exhibit E, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, NORTHWESTERN MEMORIAL HOSPITAL, which will fairly and adequately compensate her loss, damages, and injuries.

## COUNT IX
### (Northwestern Memorial Hospital – Agency – Medical Negligence – Kate McKenney, M.D.)

85. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

86. On December 8, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions of DR. MCKENNEY was negligent in one or more of the following respects:

   a. Failed to include Septic Abdomen on the differential diagnosis list at 21:31 hours on December 8, 2015;
   b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 21:31 hours on December 8, 2015;
   c. Failed to order repeat labs at 21:31 hours on December 8, 2015 including, but not limited to, CBC, CMP, and lactate;
   d. Failed to order an abdominal CT STAT at 21:31 hours on December 8, 2015.

87. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

88. An Attorney's Affidavit in Compliance is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

89. A report of physician is attached hereto as Exhibit D, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, NORTHWESTERN MEMORIAL HOSPITAL, which will fairly and adequately compensate her loss, damages, and injuries.

## COUNT X
**(Northwestern Memorial Hospital – Agency – Medical Negligence – Alissa Carlson – M.D.)**

90. Plaintiff re-pleads and re-alleges paragraphs 12 through 44 and fully incorporates the same herein.

91. On December 8-9, 2015, NORTHWESTERN MEMORIAL HOSPITAL, by and through the acts and/or omissions of DR. CARLSON, was negligent in one or more of the following respects:

    a. Failed to include Septic Abdomen on the differential diagnosis list at 20:37 hours on December 8, 2015;

    b. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 20:37 hours on December 8, 2015;

    c. Failed to order repeat labs at 20:37 hours on December 8, 2015 including, but not limited to, CBC, CMP, and lactate;

    d. Failed to order an abdominal CT STAT at 20:37 hours on December 8, 2015;

    e. Failed to include septic abdomen on the differential diagnosis list at 01:31 hours on December 9, 2015;

    f. Failed to adequately assess Ms. Santiago for an infectious cause of her abdominal complaints and findings at 01:31 hours on December 9, 2015;

    g. Failed to order repeat labs at 01:31 hours on December 9, 2015 including, but not limited to, CBC, CMP, and lactate;

    h. Failed to order an abdominal CT STAT at 01:31 hours on December 9, 2015.

92. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, ERICA SANTIAGO sustained injuries of a personal and pecuniary nature.

93. An affidavit of the plaintiff's attorney is attached hereto as Exhibit B, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

94. A report of physician is attached hereto as Exhibit C, pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ICLS 5/2-622).

WHEREFORE, Plaintiff, ERICA SANTIAGO, prays for judgment against Defendant, NORTHWESTERN MEMORIAL HOSPITAL, which will fairly and adequately compensate her loss, damages, and injuries.

        Respectfully submitted,


        By:    */s/ Jeffrey J. Kroll*


Jeff J. Kroll ARDC #6204895
Erik Borczon ARDC #6315220
Olivia Sarmas-Ford ARDC #6318124
KAVENY + KROLL LLC
Two Prudential Plaza
180 N. Stetson Ave., Suite 3350
Chicago, IL 60601
T: 312.761.5585
E: jeffrey@kavenykroll.com
E: erik@kavenykroll.com
E: olivia@kavenykroll.com